UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES CLARK,<br>ERIK ANAYA,<br>JENNIFER CLARK,<br>MATTHEW FOSTER,<br>MARTIN SHAW,<br>DELAINE MARTINEZ,<br>TIANA ROUNTREE,<br>STEPHEN JORDAN,<br>MASON COLBATH,<br>CHRISTINA KRUSE,<br>KELLEY BLEVINS, and<br>ROBERT BRENDON,<br><br>Defendants. | CR. 20-50051-01, 04, 05, 07, 08, 09,<br>10, 11, 12, 13, 14 & 15-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Tiana Rountree filed a motion and supporting brief to sever her case from the case of her co-defendants. (Dockets 209 & 210). The government opposes the defendant's motion. (Docket 224). For the reasons stated below, the defendant's motion to sever is denied.

**ANALYSIS**

A superseding indictment charged Ms. Rountree and 14 other defendants with a single count of conspiracy to distribute a controlled substance,

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.[1]
(Docket 171 at pp. 1-2).  Defendant Charles Clark is also charged in count 2
with possession of a firearm during a drug trafficking crime in violation of
18 U.S.C. § 924(c)(1)(A)(i).  Id. at p. 2.

Ms. Rountree filed a motion pursuant to Fed. R. Crim. P. 14(a) to sever
her case from the case of the other defendants.  (Docket 209).  Ms. Rountree
contends the discovery received thus far fails to contain an "allegation that all
the co-defendants were aware of the other's [sic] alleged involvement in the
distribution and possession with intent to distribute methamphetamine."
(Docket 210 at p. 2).  She also contends "[n]ot all defendants even know each
other." Id.

Ms. Rountree argues she "will be prejudiced by her joinder with co-
defendants . . . [because] the acts complained of [are] generally wholly separate,
apart and distinct from the acts complained of against the other co-
defendants." Id. at p. 4.  She submits the "crimes are factually distinct, and
have no relationship with each other except they allegedly involve the
distribution or possession with intent to distribute methamphetamine." Id.
Ms. Rountree believes these crimes "are totally separate and distinct
distributions." Id.  She believes "[t]here is no evidence that all the defendant's
[sic] even knew each other or knew of the others' involvement in this alleged
conspiracy." Id.

Ms. Rountree argues she will be prejudiced because "the jury will be told
. . . these 15 individuals, although not acting in consort, all did the same

---

[1]Two defendants have not yet been arrested so they do not appear in the
caption of this case.  Defendant Jennifer Cagle entered into a plea agreement
and is awaiting sentencing.  She also does not appear in the caption.  See
Dockets 238-39 & 246.

criminal acts . . . ." Id. at p. 5. Ms. Rountree contends her "alleged acts are separate and distinct" such that she "is entitled to have her case tried on its merits, and not poisoned or associated with the acts of 14 other defendants." Id. Ms. Rountree believes "[t]he Government will have to put on an entirely separate case for each co-defendant's allegations." Id.

Finally, Ms. Rountree argues "there exists no evidence that [she] knew anything about each and every co-defendant's alleged involvement in the alleged conspiracy." Id. Because of the "spillover effect," Ms. Rountree believes she "will suffer prejudice to her constitutional rights because of the allegations against the other defendants." Id. For these reasons, Ms. Rountree asks the court to sever her trial from the trial of the co-defendants. Id. at p. 6.

The government opposes Ms. Rountree's motion. (Docket 224). It presents the following summary of the evidence binding Ms. Rountree to her co-defendants.

> On October 22, 2019, Charles Clark and Tiana Rountree were stopped by law enforcement near Rapid City, SD. Law enforcement had been tracking their vehicle and knew it . . . left Rapid City on October 20, . . . travelled to Kansas before its' return to South Dakota. Rountree was driving. During the stop, 3.5 grams of meth were found as well as a stolen firearm. In October and November 2019, Rountree had communications with Clark via the Pennington County Jail email system.

> Clark's cell phone content revealed a drug-distribution network in South Dakota and Kansas. Later investigation revealed Clark and Rountree had brought between one to two pounds of methamphetamine to Kansas. Rountree had discussed this trip with others, including Martin Shaw. Rountree was paid money to assist in driving during this trip, knowing they were transporting methamphetamine.

> In this conspiracy, methamphetamine was both driven to South Dakota via couriers and also mailed. On one occasion when a courier (Erick Anaya) arrived in South Dakota, Rountree and Clark met with the courier to provide him $5,000 owed for partial payment of methamphetamine.

3

Rountree's Facebook information also demonstrates her involvement in the drug conspiracy. She had drug related conversations with many people, including Clark, Jennifer Clark, Scott Kallstrom (charged in a separate indictment but the same conspiracy), Aynjel Schumacher (charged in a separate indictment), and Martin Shaw.

Surveillance of Clark's house confirmed Rountree at his residence on January 31, 2020, along with another person. She was inside his residence for approximately two minutes before exiting to return to her car. As she exited, she appeared to be concealing something in her coat. Investigation also revealed Rountree's association with other co-conspirators, including Mason Colbath. Rountree received multiple ounces of methamphetamine from Clark on other occasions which she then further distributed. There is also evidence Rountree assisted in "middling" methamphetamine deals of up to ¼ pound within this conspiracy. Further, Rountree wired money for this conspiracy through Western Union. Overall, the evidence at trial will support that Rountree knew this conspiracy involved Mexican suppliers.

A source reported Rountree and Robert Brenden took a trip to get illegal drugs in the fall of 2019. Other persons have confirmed they are connected.

Id. at pp. 1-3.

The government contends Ms. Rountree "will be implicated for her involvement in this conspiracy" through evidence "includ [ing] witness testimony, cooperator testimony, controlled purchases, package tracking Facebook content of those involved, cell phone information and evidence from various searches conducted." Id. at p. 4. The government submits "[t]his is a large scale, complex conspiracy. It is true that not *every* co-conspirator personally knew *all* the other co-conspirators named in the indictment. However, they were all at least generally aware this was a large conspiracy with many people." Id. (emphasis in original). The government asserts "[i]t is not necessary that co-defendants in a drug distribution conspiracy know each

other." Id. (referencing United States v. Golding, No. 4:17-CR-297, 2018 WL 2690110, at *12 (E.D. Mo. June 5, 2018), report and recommendation adopted, No. 4:17CR297, 2018 WL 3545202 (E.D. Mo. July 24, 2018)).

The government argues severance of Ms. Rountree for trial "would amount to conducting the same trial multiple times." Id. at p. 5. It contends Ms. Rountree "has not set forth how she would be prejudiced by a trial with her co-conspirators, other than to generally argue 'the jury will hear evidence against other defendants which may be more prejudicial th[an] that against Tiana Rountree.'" Id. (citing Docket 210 at p. 4). The government submits it "will offer evidence that establishes the overall conspiracy." Id. at p. 6. The government asserts it "is unaware of any problems under Bruton,[2] . . . as [the government] anticipates the persons who named the defendant as being involved will testify."

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)). The United States Court of Appeals for the Eighth Circuit instructs

---

[2]United States v. Bruton, 391 U.S. 123, 126 (1968) ("We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of [a co-defendant's] confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.").

"[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

"The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), *overruled on other grounds by* United States v. Gardner, 447 F.3d 558, 560-61 (8th Cir. 2006); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (The "indictment must reveal on its face a proper basis for joinder.").

## 1.    Federal Rule of Criminal Procedure 8

Federal Rule of Criminal Procedure 8 directs the joinder of charges against a defendant.  That rule provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

"Federal Rule of Criminal Procedure 8(b) permits joinder of defendants 'if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses.' " United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (quoting Fed. R. Crim. P. 8(b)).  "Rule 8(b) is construed liberally."  Id. (citing United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)).

There is a clear preference for a joint trial of persons charged in a conspiracy. United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006); see also United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted). This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (citation and internal quotation marks omitted); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling.") (citations and internal quotation marks omitted).

Ms. Rountree fails to specifically articulate any out-of-court statements of a co-defendant which may be used at trial and which might tend to incriminate Ms. Rountree. For that reason, any suggestion of Bruton issues is not supported in the present record.

The court finds the inconvenience and expense of separate trials clearly outweigh any prejudice to Ms. Rountree in joinder. Ms. Rountree's objection to joinder pursuant to Rule 8 is overruled.

7

## 2.    Federal Rule of Criminal Procedure 14

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of . . . defendants in an indictment . . . or by such joinder for trial together." Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). The preference for joinder may be overcome only if a defendant "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." Clay, 579 F.3d at 927 (internal quotation marks and citations omitted).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced [her] right to a fair trial." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance." United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted).

"Severance is not required 'simply because the evidence may have been more damaging against one [defendant] than the others.'" United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005) (quoting United States v. Garcia, 785 F.2d 214, 220 (8th Cir. 1986)). "To prevail on such a claim a defendant must

8

show prejudice to a specific trial right or that a joint trial would not enable the jury to make a 'reliable judgment about guilt or innocence.' " United States v. Benedict, 855 F.3d 880, 885 (8th Cir. 2017) (quoting United States v. Dierling, 131 F.3d 722, 734 (8th Cir. 1997)).

"[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." Shivers, 66 F.3d at 940 (internal quotation marks and citations omitted). "[T]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. . . . Put simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance." Id. (quoting United States v. Boyd, 610 F.2d 521, 526 (8th Cir.1979), cert. denied, 444 U.S. 1089 (1980); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("The mere fact that defendants are apparently hostile to one another is not grounds for severance.").

"To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " United States v. Davis, 534 F.3d 903, 916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)); see also Pherigo, 327 F.3d at 693 (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for

9

severance, the necessary prejudice must be severe or compelling.") (internal quotation marks and citations omitted).

Again, Ms. Rountree fails to specifically articulate any allegations of <u>Bruton</u> issues. On this record, Ms. Rountree's <u>Bruton</u> argument lacks merit and does not justify severance.

Ultimately, the question is whether this is the " 'unusual case' in which the efficiency of joinder would [be] outweighed by difficulty for the jury to analyze separately the evidence against each individual defendant." <u>Benedict</u>, 855 F.3d at 885 (quoting <u>United States v. Martin</u>, 777 F.3d 984, 995 (8th Cir. 2015).

"This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of properly 'compartmentalizing' the evidence." <u>United States v. Collins</u>, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002) (quoting <u>Bordeaux</u>, 84 F.3d at 1547). Even if there was a greater risk of prejudice, the court could cure it with "limiting jury instructions that each defendant is entitled to have his case decided solely on the evidence which applies to him, and that the jury must give separate consideration to the evidence about each individual Defendant." <u>Benedict</u>, 855 F.3d at 885 (internal quotation marks omitted). Aided by the court's instructions, the court concludes a jury will be able to "compartmentalize the evidence against each defendant." <u>United States v. McConnell</u>, 903 F.2d 566, 571 (8th Cir. 1990) (internal quotation marks and citation omitted). Ms. Rountree fails to "show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." <u>Clay</u>, 579 F.3d at 927.

10

This is not the "unusual case" where prejudice overrides joinder's efficiency.  <u>Martin</u>, 777 F.3d at 995.  The court finds joinder is consistent with Rule 14.

## ORDER

Based on the above analysis, it is

ORDERED that Ms. Rountree's motion to sever (Docket 209) is denied.

IT IS FURTHER ORDERED that a scheduling order will be entered.

Dated April 13, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE